UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09-cv-469-RJC
(3:06-cr-87)

| | |
|---|---|
| JAMES WILLIAM GASTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255, (Doc. No. 1), as amended. (Doc. No. 6: Order to Amend). Respondent has filed a Motion for Summary Judgment, (Doc. No. 11), and Petitioner was notified of his obligation to response by Order dated April 13, 2012. (Doc. No. 13). Petitioner filed his response, including attached exhibits, and this matter is now ready for resolution. For the reasons that follow, Respondent's Motion for Summary Judgment will be granted, and Petitioner's Motion, as amended, will be denied and dismissed.

**I.     BACKGROUND**

On April 26, 2006, Petitioner was charged with five counts in an Indictment returned by a grand jury sitting in the Western District of North Carolina. (3:06-cr-87, Doc. No. 1: Indictment). The counts included one count of conspiracy with intent to distribute cocaine, (Count One), and three counts of possession with intent to distribute cocaine base, (Counts Six, Seven and Eight), and one count of being a felon in possession of a firearm (Count Nine). (Id.). On June 12, 2006, the government filed an information pursuant 21 U.S.C. § 851 which notified

1

Petitioner of his prior felony drug convictions in the State of North Carolina. One conviction was for possession with intent to sell and/or deliver cocaine, and the second conviction was for trafficking cocaine. (Doc. No. 32 at 1). Petitioner, while represented by counsel, entered a plea of not guilty and proceeded to a trial by jury on August 7, 2006. On August 8th, the jury returned a verdict of guilty against Petitioner as to all five counts in the Indictment. (Doc. No. 60: Jury Verdict). On August 30, 2007, Petitioner appeared with counsel before the Court for his sentencing hearing. The Court sentenced Petitioner to life imprisonment on Counts 1, 6, 7 and 8, and a term of 120 months for conviction for Count 9, with all terms of imprisonment to run concurrently. (Doc. No. 105: Judgment in a Criminal Case at 2).

On September 12, 2007, Petitioner filed a timely notice of appeal to the United States Court of Appeals for the Fourth Circuit. In his appeal, Petitioner raised a claim that his constitutional rights were violated because his sentence was increased based on a state court conviction which was not alleged in the Indictment. On August 4, 2008, the Fourth Circuit issued an unpublished Opinion wherein they rejected Petitioner's argument and affirmed his conviction and sentence. United States v. Gaston, 286 F. App'x 4 (4th Cir. 2008). (Doc. No. 178).

In his Section 2255 Motion, as amended, Petitioner raises six grounds for relief: (1) Petitioner's constitutional rights were violated around the time of his arrest when he did not receive, or did not understand Miranda warnings provided by the officers on the scene; (2) Petitioner did not have sufficient time to review a proposed plea agreement, and therefore he did not fairly understand its terms such that he could properly decide whether to accept or reject the government's offer; (3) Petitioner was unfairly prejudiced after his request for an jury instruction on the issue of entrapment was denied; (4) Petitioner received ineffective assistance of counsel

because (a) his trial counsel was afraid to properly try his case; (b) his counsel never explained the purpose of the 851 information; (c) his trial counsel did not object to the armed career criminal enhancement; and (d) Petitioner filed a motion challenging the indictment prior to trial and his counsel failed to ensure that Petitioner could appeal the issue to the Fourth Circuit; (5) the trial court erred by not providing a jury instruction on buyer-seller in order to support the charge of conspiracy; and (6) the 851 sentencing enhancement was erroneous. (3:09-cv-469, Doc. No. 15: Petitioner's Answer to United States Motion for Summary Judgment at 1-3).

## II. STANDARD OF REVIEW

### A. Section 2255

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. If a petitioner's motion is not dismissed after this initial review, the Court must direct the government to respond. Id. The Court must then review the government's answer and motion for summary judgment and any materials submitted by the parties to determine whether an evidentiary hearing is warranted under Rule 8(a). Petitioner has requested an evidentiary hearing After having considered the record in this matter, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### B. Summary Judgment

Summary judgment is appropriate in cases where there is no genuine dispute as to a material fact and it appears that the moving party is entitled to judgment as a matter of law. United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991) (applying summary judgment to motion to vacate). Any permissible inferences which are drawn from the underlying facts must be

3

viewed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). However, when the record taken as a whole could not lead a trier of fact to find for the non-moving party, granting summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).[1]

**III. DISCUSSION**

Respondent argues that the Court should find that Petitioner's Grounds 1, 2, 3, and 5 are procedurally defaulted because he failed to raise these claims on direct appeal. The Court will address arguments regarding Claims 1, 2, 3, and 5 together. Respondent's 4th and 6th Claims will then be addressed separately.

A.  Petitioner's Claims 1, 2, 3, and 5

On appeal Petitioner raised one issue that was identified by the Fourth Circuit, namely, that Petitioner's constitutional rights were violated because he received a life sentence based on a prior state court conviction which the government failed to allege in his indictment, and the fact of this prior conviction was neither found by the jury or stipulated to by him. Gaston, 286 F. App'x at 4. The Fourth Circuit rejected this argument and affirmed his conviction and sentence. The Court found Petitioner's claim to be without merit, noting that the Supreme Court's decision in Almendarez-Torres v. United States, 523 U.S. 224 (1998), foreclosed this argument because the Court found "that the penalty provision of a statute enhancing a sentence based on recidivism is not an element of the crime and prior convictions need not be alleged in the indictment and found by the jury." Gaston, 286 F. App'x at 4.

---

[1] By Order filed April 13, 2012, Petitioner was notified in accordance with Roseboro v. Garrison, 528 F.2d 309 (1975), of his obligation in responding to Respondent's Motion for Summary Judgment. (Doc. No. 13).

Claims which Petitioner could have been raised on direct appeal, but were not, are not properly asserted for the first time in a collateral proceeding unless Petitioner is able to show cause excusing his procedural default and actual prejudice resulting from the alleged errors he now raises or that a miscarriage of justice would result. See United States v. Mikalajunas, 186 F.3d 490 (4th Cir. 1999). In Mikalajunas, the Court noted that:

> In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains[,] or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack.

Id. at 492-93 (citing United States v. Frady, 456 U.S. 152, 167-68 (1982)). See also United States v. Addonizio, 442 U.S. 178, 185 (1979). Government has a strong interest in the preservation of criminal judgments and collateral attacks on a judgment are not to take the place of a direct appeal. See Bousley v. United States, 523 U.S. 614, 621 (1998) (failure to raise and argue a matter on direct appeal bars collateral review of those issues).

In his Section 2255 Motion, Petitioner explains that he discussed Claim 1 with his appointed appellate counsel but the Miranda issue was never raised on appeal. (Doc. No. 1 at 4). Petitioner contends that his "rights were affected substantially and thereby resulted in actual prejudice." (Doc. No. 15 at 1). Petitioner frames the issue this way: Were Petitioner's statements made to arresting officers "the product of a free and deliberate choice or deception." (Id.). Petitioner maintains that "he did not know what Miranda or Mirandize meant, until around May of 2008," some two years after his arrest on the charges which later served as the basis for his Indictment. The Court finds this argument unpersuasive. At Petitioner's sentencing hearing, the Court explained that it had reviewed his presentence report ("PSR") and the government drew attention to Petitioner's criminal record, a record spanning from 1974 to the time of his arrest in

5

May 2006. Petitioner has been convicted of charges of common law robbery in 1974, felony escape in 1976 and 1977, possession with intent to sell and deliver marijuana in 1980, convictions in 1984 of first degree burglary, two counts of assault with a deadly weapon with intent to kill, and discharging a firearm into occupied property. (3:06-cr-87: Doc. No. 129: Transcript of Sentencing Hearing, at 9). Among the other crimes for which he has been convicted, there are the two crimes which were charged by the government in the 21 U.S.C. § 851 notice of statutory enhancement: trafficking in cocaine and possession with intent to distribute cocaine. (Doc. No. 32). Notably, Petitioner did not object to the fact of these convictions at his sentencing and he does not object now.

The Court would note that June 13, 2012, is the 46th anniversary of the Supreme Court's decision in <u>Miranda</u> which held that statements made by suspects, without fully warning of constitutional rights, were inadmissible as being in violation of the Fifth Amendment privilege against self-incrimination. <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966). It strains reason to believe that Petitioner, given his 32-years of criminal history, some violent, all serious, had never been Mirandized and or even heard of <u>Miranda</u> warnings. Moreover, having presided over Petitioner's trial, there was overwhelming evidence presented of his guilt which included more sources than just his own statement. Petitioner does not present sufficient cause to excuse procedural default, does not make a showing of actual prejudice, and fails to demonstrate a miscarriage of justice. The Court rejects this argument as framed in Claim 1.

In Claim 2, Petitioner contends that he did not have sufficient time to review a proposed plea agreement provided by the government and shared with him by his trial counsel. Petitioner contends that he explained to trial counsel that he did not understand the terms or purpose of the plea agreement. (3:09-cv-469, Doc. No. 1 at 5-6). Petitioner also contends that he was presented

6

with the plea agreement and informed that he would have to sign by the next day or the agreement would be withdrawn. Respondent offers evidence in the form of an Affidavit from Petitioner's trial counsel, Connelia Houston, which directly contradicts Petitioner's contention. Houston avers that she reviewed her notes from the case and she spoke with Petitioner "on at least nine (9) occasions, including two (2) face-to-face visits on July 6 and July 31." (Doc. No. 10-1: Affidavit of Trial Counsel). The Court would note that these dates in July were some two months before Petitioner's trial. More importantly, Petitioner's own statements during his Sentencing hearing belie his late assertion that he had no opportunity to review the plea agreement.

> Then when they brought the plea agreement to me, I asked for time to go over the plea agreement, not understanding and being ignorant to certain things concerning the law. I looked at it, I went over it and I saw there it was saying, he, she, this and that, and I explained to my attorney. So I wasn't given any time to even deal with a plea agreement arrangement or anything. I was - - <u>it was given to me one week and the next week I was told to have it signed and turned back in</u>.

(3:06-cr-87, Doc. No. 129 at 4-5) (emphasis added).

It is clear that Petitioner had ample time to review the plea agreement.

The Court finds that Petitioner has procedurally defaulted this issue for failure to raise it on direct appeal. In his Section 2255 Motion, Petitioner acknowledges that his appellate attorney asked him what issues he would like to raise. Petitioner responds that he did not believe his counsel could raise the issue without a transcript. Thus, Petitioner could have raised the issue of the plea agreement, transcript or no transcript, on his direct appeal but he failed to do so and he has not demonstrated cause to excuse this procedural default nor shown a miscarriage of justice. Petitioner's Second Claim will be denied and dismissed.

Petitioner's Third Claim raises the issue of whether he was prejudiced by the failure of

7

the Court to instruct the jury on the defense of entrapment. (3:09-cv-469, Doc. No. 1 at 7). Petitioner again raises the issue of a missing or delayed transcript. (Id.). The record reflects that Petitioner filed his request for a transcript, first in this Court on September 28, 2007, and then properly with the Fourth Circuit on October 4, 2007. (3:06-cr-87, Doc. Nos. 114, and 115, respectively). On November 2, 2007, the Fourth Circuit entered an Order extending the court reporter's time to deliver the transcript to Petitioner's appellate attorney. (Doc. No. 122). There is simply no evidence to support Petitioner's contention that he could not raise Claim Number 3 because of the lack of a transcript or that the transcript was even late.

Petitioner's counsel did file a proposed jury instruction and moved the Court to charge the jury on the defense of entrapment. (3:06-cr-87, Doc. No. 57: Defendant's Proposed Jury Instruction, at 2). During the charge conference, the Court noted that Petitioner's counsel had filed a request to give the proposed entrapment instruction. The government objected to the instruction on the ground that there was no evidence which fairly raised the issue. The Court agreed and declined to give the instruction and noted Petitioner's objection. (Doc. No. 130: Charge Conference, at 138). The Court finds that Petitioner has failed to make the necessary showing to excuse his procedural default for failing to raise this issue on appeal and he has failed to present a case which could present a miscarriage of justice. Petitioner's Claim Three is denied and dismissed.

Petitioner's Fifth Claim concerns the alleged failure of the Court to instruct the jury on the issue of "Buyer-Seller" to support the charge of conspiracy. (3:09-cv-469, Doc. No. 1 at 9; Doc. No. 15 at 4). Petitioner offers no explanation as to why he did not present this issue on direct appeal. During the charge conference the Court stated that it was not inclined to give an instruction including "Buy/Sell" language, finding that the instruction was inconsistent with

evidence involving multiple drug purchases between Petitioner and others. (3:06-cr-87, Doc. 130, at 132). After hearing from counsel, the Court agreed to leave the "Buy/Sell" instructions in the charge to the jury. (Id.). The Court instructed the jury on the definition of conspiracy and then provided the following instruction:

> Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other or may have assembled together and discussed common names and interests does not necessarily establish proof of the existence of a conspiracy.
>
> Also, a person who has no knowledge of a conspiracy but who happens to act in a way which advances some purpose of a conspiracy does not thereby become a conspirator. Proof of a single buy relationship standing alone would not be sufficient evidence to establish a conspiracy to distribute a controlled substance.
>
> Evidence of a buy/sell transaction when coupled with a substantial quantity of drugs would support a reasonable inference that the parties were co-conspirators.

(Doc. No. 130, at 166).

Petitioner's arguments regarding the missing instruction are without foundation. Petitioner has failed to demonstrate cause for failing to raise this issue on direct appeal, has failed to demonstrate prejudice, and cannot show a miscarriage of justice. The evidence of Petitioner's multiple drug sales, involving significant quantities of drugs, to Sgt. Fletcher, for example, was sufficient evidence from which the jury could, and did conclude, that Petitioner was part of the conspiracy as charged in the indictment. Petitioner's Fifth Claim is denied and dismissed.

      B.     <u>Ineffective Assistance of Counsel</u>

In his Fourth Claim, Petitioner raises vague allegations of ineffective assistance of counsel. For instance, Petitioner contends that trial counsel failed to make "him aware of the 21 U.S.C. 851 enhancement, nor did she object to it." (3:09-cv-469, Doc. No. 1 at 8). Petitioner also

contends that trial counsel did not object to the Armed Career Criminal Act, and that after "Movant filed on a defected indictment motion . . . his counsel never let him know until the time was up for appealing." (Doc. No. 15 at 3). Petitioner, however, makes no argument as to how any of these conclusory objections have caused him prejudice. As will be explained below, it is Petitioner's responsibility to prove prejudice.

A defendant charged with a criminal offense has the right to effective assistance of counsel under the Sixth Amendment to the United States Constitution. In order to establish a claim for ineffective assistance of counsel, Petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by constitutionally deficient representation. Strickland v. Washington, 466 U.S. 687-91 (1984). In measuring counsel's performance, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id.. at 689; see also Fields v. Attorney Gen. of State of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992).

To demonstrate prejudice, Petitioner must show a probability that the alleged errors worked to his "actual and substantial disadvantage, infecting his trial with errors of constitutional dimensions." Murray v. Carrier, 477 U.S. 478, 494 (1986) (quoting United States v. Frady, 456 U.S. 142, 170 (1982)). Under these circumstances, Petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297 (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983) ). If Petitioner fails to meet this burden of proof, a "reviewing court need not consider the performance prong." Id. at 1290 (citing Strickland, 466 U.S. at 697).

Moreover, in considering the prejudice prong of the analysis, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). The

Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id.

Petitioner did not object to the criminal convictions set forth in the § 851 Information, and Petitioner does not raise an objection now to the convictions. Petitioner does attach documents to his Memorandum, but these documents in no way prove the that § 851 crimes have been overturned or set aside through appeal or collateral review. Petitioner does not demonstrate ineffective assistance of counsel through this claim.

Petitioner contends, it appears, that trial counsel was ineffective for failing to object to the "Armed Criminal Act." (Doc. No. 15 at 4). Petitioner offers no argument as to how this has prejudiced him, and Petitioner has offered no explanation as to why he did not raise the Armed Career designation on appeal. Petitioner again fails to demonstrate ineffective assistance of counsel. Moreover, the Court finds this claim is procedurally defaulted without cause and Petitioner has failed to demonstrate prejudice or a miscarriage of justice.

Finally, Petitioner's claim regarding an appeal to his challenge to the indictment must also fail. Petitioner has not demonstrated why he could not have raised this issue on appeal through his appellate counsel. Petitioner's Section 2255 Motion makes plain that he was in contact with his appellate counsel regarding the issues to be raised on appeal. Petitioner has procedurally defaulted these claims and fails, again, to show cause or prejudice or to demonstrate a miscarriage of justice.

Petitioner appears to have left it up to the Court to mine through the record and identify issues regarding his trial counsel's effectiveness, but it is Petitioner's responsibility to raise legitimate issues for the Court's consideration. The claims Petitioner raises do not support a claim of ineffective assistance of counsel, and accordingly, even had his trial counsel vigorously

pursued these arguments, the outcome of the proceedings would surely have been no different. Petitioner's claim of ineffective assistance of counsel is denied and dismissed.

    C.    <u>Petitioner's Claim Six</u>

Petitioner's final claim was argued in his Motion to Amend, (Doc. No. 4), and again in his Memorandum. (Doc. No. 15 at 4). Petitioner contends that the § 851 enhancement is questionable because he is still pursuing challenges to his 1984 state court, felony convictions. (<u>Id.</u>). Challenges to his 1984 convictions are of no moment in this case. The § 851 Information identified two felony drug convictions in the superior court of the State of North Carolina: (1) a 1995 conviction of possession with intent to sell/deliver cocaine; and (2) a 2002 conviction for trafficking cocaine. (3:06-cr-87, Doc. No. 32: Information Pursuant to Title 21 U.S.C. § 851). This argument is without merit and denied and dismissed.

**IV.    CONCLUSION**

    **IT IS, THEREFORE, ORDERED** that:

    1.    Respondent's Motion for Summary Judgment, (3:09-cv-469, Doc. No. 11), is **GRANTED**.

    2.    Petitioner's Motion to Vacate, Set Aside or Correct Sentence, (Doc. No. 1), as amended, is hereby **DENIED** and **DISMISSED.**

    **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (when

relief is denied on procedural grounds, a petitioner must establish both that dispositive procedural is debatable, and that petition states a debatable claim of the denial of a constitutional right).

Signed: June 25, 2012

Robert J. Conrad, Jr.
Chief United States District Judge